IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN BEDSOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-613-TMH |
| ) | [WO] |
| DENNIS MEEKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's request for class certification of this action. The court construes the request as a motion to certify class under Rule 23, *Federal Rules of Civil Procedure*. Upon consideration of the motion to certify case as a class action, the court concludes that this motion is due to be denied.

In this 42 U.S.C. § 1983 action, the *pro se* inmate Plaintiff challenges the conditions of confinement to which he is subjected at the Covington County Jail located in Andalusia, Alabama. Plaintiff seeks to represent the interests of other inmates incarcerated at the county jail.

Plaintiff cannot adequately represent the interests of the putative class. Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a *pro se* litigant may bring his own claims to federal court, he may

not litigate the claims of others. *See* 28 U.S.C. § 1654.[1] The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980). The court also finds that, with respect to the claims presented in the instant action, the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Additionally, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Fed. R. Civ. P. 23(b)(3). *See also Inmates, Washington Cnty. Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action and finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even without granting the request to certify case as a class action). Thus, Plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification (*Doc. No. 3*) be DENIED; and

---

[1] 28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 24, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE