IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN BEDSOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-613-TMH |
| ) | [WO] |
| DENNIS MEEKS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Covington County Jail located in Andalusia, Alabama, files this 42 U.S.C. § 1983 action against Sheriff Dennis Meeks, Captain Preston Hughes, Sergeant Rick Coleman, Sergeant Linda Benson, Sergeant Cliff Portrey, and Dr. McWatters.[1] He complains about unconstitutional conditions of confinement at the county jail. *Doc. No. 1*. Plaintiff seeks damages and injunctive and declaratory relief. *Id*.

Defendants Meeks, Hughes, Colemand, Benson, and Portrey ["Defendants"] filed an answer, written report, and supporting evidentiary materials addressing Plaintiff's claims for relief in which they deny his allegations. In addition, Defendants maintain the complaint is due to be dismissed because Plaintiff has failed to properly exhaust administrative remedies available to him at the Covington County Jail with respect to the claims presented in this cause of action. *Doc. No. 24, Exhs. A-C*.

---

[1] Plaintiff's complaint against the Covington County Commission was dismissed in accordance with the prior proceedings, opinions, and orders of the court. *See Doc. Nos. 14, 23*.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants' written report as a motion to dismiss. *Doc. No. 24; Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). The court explained to Plaintiff the proper manner in which to respond to a dispositive motion. (*Doc. No. 27*.) This case is now pending on Defendants' motion to dismiss. Upon consideration of motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I. DISCUSSION

*A. Failure to Exhaust*

Plaintiff's complaint asserts a challenge to the conditions of his confinement at the Covington County Jail. In response to the complaint, Defendants deny Plaintiff's allegations of constitutional violations and likewise maintain this case is subject to dismissal because Plaintiff has failed to exhaust the administrative remedy provided at the Covington County Jail prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look

beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its

proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Covington County Jail provides a grievance procedure for inmate complaints. *Doc. No. 24, Exhs. A, B*. This administrative remedy is available to all Covington County Jail inmates including Plaintiff. (*Id*.) Defendants assert that Plaintiff has failed to exhaust his administrative remedies with respect to his claims against them concerning the conditions at the jail. To support this assertion, Defendants have offered a declaration and other record evidence which makes it clear that Plaintiff failed to file any grievance with respect to the actions about which he complains in the instant complaint. *Doc. No. 24, Exhs. A-C*.

The court has thoroughly reviewed the evidentiary materials filed by Defendants. These materials demonstrate that Plaintiff failed to properly exhaust the grievance procedure provided to him during his incarceration in the Covington County Jail. Plaintiff has provided nothing to refute or explain Defendants' evidence showing he failed to pursue the available grievance process. The undersigned finds there is no dispute of material fact that Plaintiff failed to exhaust his administrative remedies with respect to his claims of unconstitutional conditions of confinement against Defendants. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to properly exhaust administrative remedies available to him which is a *precondition* to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-75 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

*B. Lack of Service on Defendant McWatters*

On September 9, 2013, the court entered an order procedure directing service of the complaint on Defendants, including Defendant McWatters, and further directing that Defendants file an answer and written report to Plaintiff's complaint. Service was attempted

on Defendant McWatters but has not been perfected because he was unknown at the address provided by Plaintiff.

If a person has not been served, he is not a party to this lawsuit except in very unusual circumstances. During the proceedings in this case, the court advised Plaintiff on more than one occasion that it is his responsibility to provide the court with Defendants' correct names and addresses for service, informed him that he must monitor the case to ensure that all defendants he named had been served, and cautioned him that the failure to perfect service on a defendant would result in the named person not being considered a party to this case. *See Doc. Nos. 8, 13*. The court granted Plaintiff an opportunity to provide a correct name and/or service address for Defendant McWatters. *See Doc. No. 13*. Plaintiff filed no response.

The Federal Rules of Civil Procedure require that service must be made upon a defendant within 120 days after filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within this time limit "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.

The time allowed for effecting service of the complaint on Defendant McWatters expired in December of 2013. The undersigned finds that there is nothing before this court which warrants an order granting any further extension of the time for service. *See generally Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005). Consequently, Plaintiff's

6

claims against Defendant McWatters is subject to dismissal without prejudice as service has not been perfected on this individual in accordance with applicable procedural rules.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by Defendants Meeks, Hughes, Benson, Coleman, and Portrey (*Doc. No. 24*) be GRANTED to the extent these Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Covington County Jail.

2.  This case be DISMISSED without prejudice against by Defendants Meeks, Hughes, Benson, Coleman, and Portrey pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Covington County Jail;

3.  Plaintiff's complaint against Defendant McWatters be DISMISSED without prejudice for failure to effect service on this individual in accordance with applicable procedural rules.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 4, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of January, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE